IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODRICK BRAYBOY,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4247 |
| | : | |
| **GEORGE A. PAGANO,** *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                                **April 20, 2022**

Plaintiff Rodrick Brayboy, a prisoner incarcerated at State Correctional Institution – Chester, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendment. Currently before the Court are Brayboy's Complaint (ECF No. 1), his Motion to Proceed *In Forma Pauperis* (ECF No. 7), and his Prisoner Trust Fund Account Statement (ECF No. 8).[1] For the following reasons, the Court will grant Brayboy leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety.

**I.      FACTUAL ALLEGATIONS**[2]

In 2018, Brayboy was charged in a criminal proceeding with several firearms and driving related offenses including, but not limited to, possession of a prohibited firearm, carrying a firearm without a license, driving under the influence, careless driving, reckless driving, and public

---

[1] The Court has also reviewed and considered the several letters Brayboy filed in this case. (*See* ECF Nos. 9-12.)

[2] The factual allegations set forth in this Memorandum are taken from Brayboy's Complaint and public court dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

drunkenness. *See Commonwealth v. Brayboy*, CP-23-CR-0001302-2019 (C.P. Delaware); *Commonwealth v. Brayboy*, MJ-32237-CR-0000552-2018. Following initial proceedings, the case proceeded in the Delaware County Court of Common Pleas and was assigned to, and presided over by, the Honorable George A. Pagano, who Brayboy names as a Defendant in the present action. *Commonwealth v. Brayboy*, CP-23-CR-0001302-2019 (C.P. Delaware). On or about September 28, 2021, Brayboy went to trial on these charges. *Id.* The jury found Brayboy guilty on the firearms charges and one DUI charge, and he was sentenced by Judge Pagano on or about November 22, 2021 to five to ten years of incarceration followed by two years of probation. *Id.* Several remaining charges were dismissed or withdrawn. *Id.* Brayboy subsequently appealed both the jury verdict and his sentence to the Pennsylvania Superior Court, and his appeals remain pending at this time. *Id.*

In the instant civil action, Brayboy brings constitutional claims primarily challenging various legal decisions Judge Pagano made in Brayboy's underlying criminal proceeding in state court. (ECF No. 1 at 3-4, 6-7, 9.) The Complaint also names Darby Borough Police Officer Steven F. Dougherty, Jr., the arresting officer on Brayboy's state criminal charges. (*Id.* at 2); *see also Commonwealth v. Brayboy*, CP-23-CR-0001302-2019 (C.P. Delaware). Brayboy alleges that his "4th amendment rights are being violated" because he was "Illegally Searched and Seized[.]" (ECF No. 1 at 3.) Brayboy specifically claims that Judge Pagano violated his Fourth Amendment rights by "Denying [Brayboy's] right to have a hearing to test the Veracity of the aff[i]davit when the arresting officer made a material false statement in the aff[i]davit of probable cause as to having a firearm in [Brayboy's] vehicle and that he took photos of this alleged firearm . . . that do not exist." (*Id.* at 6-7; *see also id.* at 3-4.) Brayboy further claims that Judge Pagano violated his Sixth "right to confront witnesses against [him] when [Judge Pagano] denied [Brayboy's] motion to have a

hearing to ask a preliminary question of a[n] (EMT) who allegedly had first hand [sic] knowledge" and allowed this EMT to testify at trial. (*Id.* at 7; *see also id.* at 4.)

Brayboy also asserts that Judge Pagano violated his Sixth and Fourteenth Amendment rights by "denying another motion to ask a preliminary question of the arresting officer who did not request a (BAC) at his discretion, but later got a warrant to retrieve medical records." (*Id.* at 7.) Brayboy further contends that Judge Pagano violated his Sixth Amendment right to a fair and speedy trial when he "denied [Brayboy's] motion to exclude a[n] alleged firearm in a motion in limine" and when he denied Brayboy's "rule 600 motion after being incarcerated for 880 days[.]" (*Id.*; *see also id.* at 4.) Finally, Brayboy claims generally that Judge Pagano violated his Eighth Amendment right to be free from cruel and unusual punishment, and that his rights under the "14th amendment [were] violated . . . [because he was] not . . . given proper due process of law and discrimination." (*Id.* at 4.)

Based on these allegations, Brayboy claims that he has been deprived of life and liberty, lost his job and endured financial strain, lost his property, and suffered from emotional distress. (*Id.* at 6.) Brayboy appears to seek $10,000 in damages as well as seeking to subject Judge Pagano to a term of imprisonment under 18 U.S.C. § 241.

## II.   STANDARD OF REVIEW

The Court grants Brayboy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[3] However, as Brayboy is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brayboy is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Brayboy's Complaint alleges claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is

4

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A. Claims Against Judge Pagano

The Court understands Brayboy's Complaint to allege claims against Judge Pagano in his individual capacity on the basis that various judicial decisions he made in Brayboy's underlying criminal proceeding in state court violated Brayboy's constitutional rights. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, the only allegations Brayboy makes against Judge Pagano are complaints arising from judicial determinations Judge Pagano made in the course of Brayboy's state court criminal proceedings on outstanding state criminal charges, and Brayboy has not set forth any facts suggesting that Judge Pagano acted in an absence of jurisdiction. Accordingly, Judge Pagano is entitled to absolute immunity in these circumstances.[4] *See Kinnard v. George*, 652 F. App'x 96,

---

[4] At the time that Brayboy filed his action on September 24, 2021, he had not yet been convicted in the underlying state court criminal action as the docket in that matter reflects that the jury entered a verdict against him on or about September 28, 2021. *See Commonwealth v. Brayboy*, CP-23-CR-0001302-2019 (C.P. Delaware). To the extent the Complaint could be construed as asking

5

98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity"). Therefore, Brayboy's claims against Judge Pagano are barred by judicial immunity and will be dismissed with prejudice as amendment would be futile.[5] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should be generally be granted "unless amendment would be inequitable or futile.")

---

this Court to intervene in his then-pending state law criminal action at the time the Complaint was filed, the Court notes that any such intervention would have been
improper under *Younger v. Harris*, 401 U.S. 37 (1971). *See Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (explaining that in *Younger* the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding").

[5]  In his request for relief, Brayboy cites to 18 U.S.C. § 241 and appears to ask this Court to fine Judge Pagano and imprison him under this federal criminal statute for allegedly violating Brayboy's constitutional rights. Not only are such claims barred by judicial immunity, but criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Section 241 establishes criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242). However, a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and this section does not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975); *see also Walthour v. Herron*, Civ. A. No. 10-1495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, 245, 247, 371 or 1951). Accordingly, to the extent Brayboy asserts claims under § 241 such claims are not plausible and must be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) as amendment would be futile.

### B.     Claims Against Officer Steven F. Dougherty, Jr.

Brayboy also names the arresting officer, Officer Steven F. Dougherty, Jr. of the Darby Borough Police Department, as a Defendant in this matter. (*See* ECF No. 1 at 2.) The precise contours of the claims Brayboy seeks to raise against Dougherty are unclear because the overwhelming majority of Brayboy's factual allegations relate solely to various rulings that Judge Pagano made in the underlying criminal proceeding. Beyond naming Dougherty on the relevant portion of the form complaint, Brayboy does not mention Dougherty by name anywhere else in the Complaint and only makes approximately three references to the "arresting officer" in total. (*See id.* at 2, 4, 6-7.) These three references, however, do not appear to directly challenge Dougherty's conduct, but rather, they appear to challenge the legal decisions Judge Pagano made *regarding* the constitutionality of Dougherty's alleged conduct specifically in the context of the underlying criminal proceeding. Brayboy also generally alleges that his "4th [A]mendment rights are being violated by being Illegally Searched and Seized," (*see id.* at 3), but he does not tie this allegation to any additional facts or the conduct of a particular defendant.

Despite Brayboy's sparse and conclusory allegations against Dougherty, to the extent the Complaint could be liberally construed as raising various Fourth Amendment claims against him, Brayboy has failed to state a plausible claim pursuant to § 1915(e)(2)(B)(ii) for several reasons. Initially, Brayboy's Complaint does not sufficiently allege facts to demonstrate that Dougherty had personal involvement in the alleged violations of Brayboy's constitutional rights. *See Rode*, 845 F.2d at 1207; *Dooley*, 957 F.3d at 374. Brayboy does not adequately describe the search and seizure of his vehicle and whether there was a firearm in his vehicle, nor does he describe in any meaningful way the role Dougherty may have had in this search and seizure. Second, to the extent the Complaint could be construed as alleging claims against Dougherty for illegal search, false

7

arrest, or false imprisonment under the Fourth Amendment, any such claims appear to be time-barred.[6] Third, to the extent the Complaint could be construed as alleging a claim for malicious prosecution or otherwise challenging Brayboy's intact conviction and sentence, those claims would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (explaining that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") Because Brayboy's conviction remains intact and has not thus far been invalidated, any civil rights claims based on the alleged unconstitutionality of his convictions and imprisonment are not cognizable in a civil action at this time.

---

[6] The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Brayboy's § 1983 claim against Dougherty is two years. Specifically, "[t]he statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run 'at the time the claimant becomes detained pursuant to legal process.'" *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). With respect to an illegal search claim, that claim accrued at the time the search took place. *See Barren v. Allegheny Cty. Pennsylvania*, 607 F. App'x 130, 131 (3d Cir. 2015). The public docket in Brayboy's criminal case reflects that he was arrested on or about November 22, 2018, the same date listed as his offense date. *Commonwealth v. Brayboy*, CP-23-CR-0001302-2019 (C.P. Delaware). Brayboy had a preliminary arraignment the next day. *Commonwealth v. Brayboy*, MJ-32237-CR-0000552-2018. Accordingly, any such claims Brayboy is attempting to bring against Dougherty based on searches that preceded his prosecution or his arrest accrued in November of 2018. Brayboy did not file his Complaint in this action until September of 2021. As Brayboy filed the Complaint several months after the latest date the statute of limitations could have expired, his claims are untimely.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Brayboy leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety. The Court will dismiss Brayboy's § 1983 claims against Judge Pagano with prejudice for failure to state a claim and will dismiss his remaining § 1983 claims against Dougherty with prejudice to the extent they are based on illegal searches or Brayboy's arrest and otherwise without prejudice as barred by *Heck*. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). Brayboy may not file an amended complaint in this case because the Court concludes that amendment would be futile. Finally, to the extent Brayboy's March 4, 2022 letter (ECF No. 12) could be construed as a motion for recusal of the undersigned, that motion is denied.[7] An appropriate Order follows.

---

[7] Denial of Brayboy's recusal request is warranted here because Brayboy does not set forth any legitimate basis for recusal and his request appears to be based solely on his disagreement with this Court's handling of his litigation. *See Liteky v. United States*, 510 U.S. 540, 554 (1994) (explaining that recusal is rarely justified based upon rulings made by the Court); *In re Brown*, 623 F. App' x 575, 576 (3d Cir. 2015) (*per curiam*) (recusal is not required merely because of a litigant's "dissatisfaction with District Court rulings" ).