IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODRICK BRAYBOY,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-4247 |
| : | |
| **GEORGE A. PAGANO,** *et al.*, : | |
|     Defendants. : | |

**ORDER**

**AND NOW**, this 20th day of April, 2022, upon consideration of Rodrick Brayboy's Motion to Proceed *In Forma Pauperis* (ECF No. 7), Prisoner Trust Fund Account Statement (ECF No. 8), Exhibits (ECF No. 6), letters (ECF Nos. 9, 10, 11, 12), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Rodrick Brayboy, # KD-1877, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of State Correctional Institution – Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Brayboy's inmate account; or (b) the average monthly balance in Brayboy's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Brayboy's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court

equaling 20% of the preceding month's income credited to Brayboy's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of State Correctional Institution – Chester.

4. The Complaint is **DEEMED** filed.

5. Brayboy's Complaint is **DISMISSED** in its entirety for the reasons discussed in the Court's Memorandum as follows:

   a. Brayboy's § 1983 claims against Judge George A. Pagano are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

   b. Brayboy's § 1983 claims against the Officer Steven F. Dougherty, Jr. are **DISMISSED WITH PREJUDICE** to the extent they are based on illegal searches or Brayboy's arrest and otherwise **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and Brayboy may file a new case raising these claims only in the event his underlying convictions are reversed, vacated, or otherwise invalidated.

6. Brayboy's letter request for recusal (ECF No. 12) is **DENIED**.

7. The Clerk of Court is **DIRECTED** to close this case.

                                           **BY THE COURT:**

                                         */s/ Mitchell S. Goldberg*
                                         **MITCHELL S. GOLDBERG, J.**